IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KOKOMO SOLUTIONS, INC.,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:25-cv-6455 |
| **CRISISGO, INC.,** | ) ) JURY TRIAL DEMANDED |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff Kokomo Solutions, Inc. d/b/a Kokomo24/7® ("Plaintiff" or "Kokomo") files this Complaint against Defendant CrisisGo, Inc. ("Defendant"), which states as follows:

### NATURE OF THIS ACTION

1. Kokomo brings this Complaint against Defendant for common law trademark infringement of Kokomo's owl logo™, (the "KOKO Owl Logo"), unfair competition under the Lanham Act, and violations of related Illinois state law.

### THE PARTIES AND JURISDICTION

2. Kokomo is a corporation organized under the laws of the State of Delaware having a principal place of business at 400 Skokie Blvd., Suite 240, Northbrook, IL 60062.

3. Defendant is, on information and belief, a corporation organized under the laws of the State of Delaware having a principal place of business at 800 W El Camino Real, Suite 180, Mountain View, CA 94040.

4. This Court has jurisdiction by the virtue of the fact that this is a civil action under the Lanham (Trademark) Act, 15 U.S.C. § 1125 *et seq.*, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338. This Court also has pendent jurisdiction over all

1

remaining claims in accordance with 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391.

5. This Court has personal jurisdiction over Defendant because it does business in the State of Illinois and specifically targets the residents of the State of Illinois, including in this District.

## FACTUAL BACKGROUND

### I. THE KOKO OWL LOGO

6. Kokomo, a pioneer in emergency response and safety technology, was founded in 2018 by Daniel Jongdae Lee on the commitment to create safer workplaces, schools, and communities.

7. Kokomo offers Kokomo24/7®, a health and safety software platform that gives organizations and education institutes the tools they need to implement and manage health, safety, and well-being initiatives and to create a culture of inclusivity and safety.

8. Kokomo offers Kokomo24/7® in numerous states across the U.S., including California, New York, and Illinois.

9. The KOKO Owl Logo (i.e., [owl logo]) serves as the core brand identity for Kokomo24/7®.

10. The KOKO Owl Logo consists of an owl head.

11. The KOKO Owl Logo is known, internally and externally, as "KOKO."

12. The KOKO Owl Logo is arbitrary and distinctive.

13. The KOKO Owl Logo was first used in commerce on December 3, 2018.

2

14. Kokomo has used the KOKO Owl Logo in Illinois since at least as early as December 3, 2018.

15. Over the last six years, Kokomo has invested heavily in developing the goodwill associated with the KOKO Owl Logo. The KOKO Owl Logo has been prominently displayed on Kokomo's website, accessible at https://www.kokomo247.com/, digital and print marketing materials, product packaging, promotional content, and across industry trade shows and conferences.

16. For example, the following is a screen capture from Kokomo's website, https://www.kokomo247.com/, where the KOKO Owl Logo is prominently displayed in the upper left-hand corner:



17. The following is a screen capture from Kokomo's Facebook profile page, accessible at https://www.facebook.com/Kokomo247, where the KOKO Owl Logo is prominently displayed:



18. The KOKO Owl Logo has become a valuable symbol of Kokomo's goodwill.

19. Kokomo is currently seeking a federal trademark registration for the KOKO Owl Logo (the "KOKO Owl Mark Application").

20. The KOKO Owl Mark Application, Serial No. 98643980, was filed on July 11, 2024 and is still pending before the United States Patent and Trademark Office.

## II. DEFENDANT'S INFRINGEMENT

21. On information and belief, on or about March 23, 2016, Defendant was organized under the laws of the State of Delaware.

22. Defendant also offers emergency response and safety technology platform, and on information and belief, specifically directs its platform at the K-12 education industry.

23. Defendant recently launched its "ECHO Badge," which, according to its website accessible at https://www.crisisgo.com/echo, is "an easy-to-use wearable safety badge that empowers school staff to stay connected, receive alerts, and respond swiftly—without the high cost or complexity."

4

24. On information and belief, and in conjunction with its ECHO Badge, Defendant recently began using an owl logo,  (the "ECHO Owl Logo").

25. On information and belief, the ECHO Owl Logo is now displayed on Defendant's website, accessible at https://www.crisisgo.com/, digital and print marketing materials, product packaging, and promotional content in conjunction with its ECHO Badge.

26. For example, the following is a screen capture from Defendant's website, https://www.crisisgo.com/, where the ECHO Owl Logo is prominently displayed in an ECHO Badge advertisement:



27. As shown below, the ECHO Owl Logo is printed alone on Defendant's actual ECHO Badge product, without the word "ECHO:"

5



28.     Defendant does not own a federal trademark registration for the ECHO Owl Logo.

29.     Kokomo developed enforceable common law trademark rights in the KOKO Owl Logo long before Defendant began use of the ECHO Owl Logo.

30.      In addition to the above, Kokomo also offers panic button units that serve the same function and purpose as those recently launched by Defendant. As depicted below, Kokomo's panic button prominently features its distinctive KOKO Owl Logo. Defendant's competing panic button unit, shown above in paragraph 27, appears to deliberately emulate this branding, further reinforcing the likelihood of consumer confusion and the impression that Defendant's product is affiliated with or endorsed by Kokomo.



31. Upon investigation, Kokomo has learned that Defendant is sourcing its panic button units from the same manufacturing facility used by Kokomo. Defendant's use of the ECHO Owl Logo on panic button products originating from the same factory creates an additional layer of confusion for consumers, who may mistakenly believe that Defendant's products are affiliated with, endorsed by, or manufactured in collaboration with Kokomo. This deliberate use of a shared manufacturer further underscores Defendant's intent to trade off the goodwill and established reputation of Kokomo's brand and reinforces the likelihood of consumer confusion, including initial interest confusion and post-sale confusion

32. Kokomo has not expressly or impliedly authorized, permitted, or given consent to Defendant to use the ECHO Owl Logo on any safety technology or related products.

33. Kokomo has in no way misled Defendant to believe that Defendant is authorized or permitted or has consent from Kokomo to use the ECHO Owl Logo on any safety technology or related products.

34. After becoming aware of Defendant's infringing use of the ECHO Owl Logo, on May 28, 2025, counsel for Kokomo sent a cease-and-desist letter, putting Defendant on actual notice of its intellectual property rights in the KOKO Owl Logo.

35. After several correspondence between the parties, no resolution has been reached.

36. In addition, although Defendant has been on actual notice of Kokomo's prior rights in the KOKO Owl Logo since at least May 28, 2025, Defendant continues to use the infringing ECHO Owl Logo in violation of Kokomo's intellectual property rights.

37. Moreover, long before adopting the ECHO Owl Logo, Defendant was aware of the KOKO Owl Logo, as the parties are direct competitors operating in the same emergency and school safety technology market. Both companies have attended the same industry trade shows and

conferences, where the KOKO Owl Logo has been prominently displayed and visible to attendees, including Defendant. Defendant's continued use of a confusingly similar logo despite this long-standing awareness underscores the willful nature of its infringement.

38. As shown by the compared images below, Defendant's use of the ECHO Owl Logo and other confusingly similar imitations is directly inspired by Kokomo's use of the KOKO Owl Logo in connection with the sale of Kokomo's emergency, health, and safety technology.



39. As a result of Defendant's offering and providing emergency and safety technology under the infringing ECHO Owl Logo, consumers are likely to continue to be confused as to the source, affiliation, or sponsorship of the products and services offered by Defendant. For example, third parties have noticed Defendant's ECHO Owl Logo and contacted Kokomo due to its similarities, inquiring whether Defendant is affiliated with Kokomo. These inquiries prompted Kokomo to initiate an investigation into Defendant's use of the mark. These inquiries are concrete instances of actual confusion, including initial interest confusion, where potential customers are drawn to Defendant's offerings under the mistaken belief that they are associated with or originate from Kokomo. Such confusion, even if dispelled later in the purchasing process, unjustly benefits Defendant by exploiting the goodwill and brand recognition Kokomo has cultivated through its distinctive KOKO Owl Logo. This harm is particularly acute given the direct competition between the parties in the school safety and emergency technology markets, where trust, clarity of source, and brand distinctiveness are paramount.

40. On information and belief, Defendant deliberately adopted and has continued to use the ECHO Owl Logo to trade off the goodwill cultivated by Kokomo in the KOKO Owl Logo, as well as to create an association with Kokomo.

41. Defendant's infringement has irreparably harmed Kokomo in that it has damaged Kokomo's goodwill and reputation, has placed Kokomo's brand and the premium quality associated with it outside of its control, and impaired the distinctiveness of the KOKO Owl Logo. Moreover, Defendant is reaping the benefits of Kokomo's goodwill and reputation. The irreparable harm caused by Defendant's unlawful activities will continue unless enjoined. Kokomo has no adequate remedy at law.

## FIRST CAUSE OF ACTION
### (Federal Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))

42. Kokomo hereby incorporates and re-alleges paragraphs 1 through 39, above.

43. Defendant's use of the ECHO Owl Logo is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of Defendant's products.

44. Defendant's use of the ECHO Owl Logo constitutes unfair competition and false designation of origin within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendant has engaged in acts of unfair competition and falsely designated the origin of its goods with full knowledge of such unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. Defendant has engaged in acts of unfair competition and falsely designated the origin of its goods with the intent to cause confusion, mistake, and deception among the public as to the source, origin, sponsorship, or approval of Defendant's products.

47. Kokomo has been damaged and has suffered irreparable harm as a result of Defendant's acts, and is likely to continue to be damaged and to suffer irreparable harm unless Defendant's activities are enjoined by this Court.

48. Kokomo has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (Common Law Trademark Infringement and Unfair Competition)

49. Kokomo hereby incorporates and re-alleges paragraphs 1 through 46, above.

50. Defendant's acts as described in this Complaint constitute common law trademark infringement and unfair competition.

51. Defendant has infringed the KOKO Owl Logo with full knowledge and/or a reckless disregard of its common law trademark infringement and unfair competition.

52. Defendant has acted as described in this Complaint with the intent to engage in common law trademark infringement and unfair competition, and has done so in a fraudulent, malicious, willful, and wanton manner, and in wanton disregard of Kokomo's rights.

53. Kokomo has been damaged and has suffered irreparable harm as a result of Defendant's acts, and is likely to continue to be damaged and to suffer irreparable harm unless Defendant's activities are enjoined by this Court.

54. Kokomo has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### (Deceptive Trade Practices Under 815 ILCS 510/1)

55. Kokomo hereby incorporates and re-alleges paragraphs 1 through 52, above.

56. Defendant's actions complained of herein constitute deceptive trade practices in violation of 815 ILCS 510/1 *et seq.* in that Defendant's unauthorized use of the ECHO Owl Logo with emergency and safety technology is likely to cause confusion or misunderstanding that the

emergency and safety technology offered under the ECHO Owl Logo emanate from, or are otherwise sponsored or approved by Kokomo when they are not.

57. Defendant knew, or in the exercise of reasonable care should have known, of Kokomo's prior rights in the KOKO Owl Logo, and that Defendant's use of the ECHO Owl Logo with emergency and safety technology is misleading to consumers in violation of 815 U.S.C. ILCS 510/1.

58. On information and belief, Defendant has willfully engaged in the deceptive trade practices complained of herein.

59. Defendant aforementioned acts have caused, and unless such acts are enjoined by this Court, will continue to cause great and irreparable injury to Kokomo.

60. Defendant has unjustly gained goodwill, revenue, and profits by virtue of its unlawful acts that it otherwise would not have obtained and to which it is not entitled to the detriment of Kokomo.

61. Kokomo has been injured and will continue to incur attorneys' fees and costs in bringing the present action.

## **PRAYER FOR RELIEF**

WHEREFORE, Kokomo prays that this Court enter judgment against CrisisGo as follows:

A) Granting each of the claims for relief herein, in favor of Kokomo and against Defendant;

B) That Defendant and all of its respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be permanently enjoined and restrained from:

      i.      Using the ECHO Owl Logo, or any mark confusingly similar to the KOKO Owl Logo, in connection with the production, importation, shipping, distribution, marketing, promotion, advertising, offering for sale, or sale of any goods or services, including but not limited to the emergency and safety technology, software, and related products, including online and on social media;

      ii.      Applying for, seeking to register, registering, renewing, or maintaining any trademark, trade name, service mark, company name, or domain name consisting, in whole or in part, of the ECHO Owl Logo, with any governmental agency, office, or other authority, anywhere in the world; and

      iii.      Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (i) and (ii);

C)     That Defendant file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

D)     That Defendant be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Kokomo by using a false designations of origin as to the source, origin, or sponsorship of Defendant's ECHO Owl Logo-branded technology and related products;

E)     That Defendant be adjudged to have violated 815 ILCS 510/1;

F)     That Kokomo be entitled to restitutionary disgorgement from Defendant;

G) That Defendant and any principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Defendant who receive actual notice of said order, delivery up for destruction all infringing products and all promotional, advertising and any other printed materials and items of any kind bearing the ECHO Owl Logo or any other name or mark that is confusingly similar to the KOKO Owl Logo;

H) That Kokomo be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damages caused by Defendant's acts of common law trademark infringement, false designation of origin, and unfair competition;

I) That Kokomo be awarded Defendant's profits derived by reason of said acts, or as determined by an accounting;

J) That such damages and profits be trebled and awarded to Kokomo and that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendant's willful, intentional, deliberate acts in violation of the Lanham Act;

K) That Kokomo be awarded damages in an amount sufficient to compensate it for the damage caused by Defendant's deceptive trade practices under 815 ILCS 510/1;

L) That Kokomo be granted prejudgment and post judgment interest;

M) That Kokomo be granted costs associated with the prosecution of this action; and

N) Granting Kokomo such further relief as this Court may deem just and equitable.

## JURY DEMAND

Kokomo hereby demands a trial by jury on all issues so triable.

Dated: June 10, 2025							Respectfully submitted,

**DICKINSON WRIGHT, PLLC**

By: /s/ Nicholas S. Lee
Nicholas S. Lee (Admitted in this Court)
Illinois Bar No. 6284603
55 W. Monroe, Ste. 1200
Chicago, IL 60603
Tel: (312) 572-6914
Fax: (844) 670-6009
nslee@dickinsonwright.com

Amanda Vaughan Letney (*pro hac vice to be filed*)
Michigan Bar No. P87223
123 W. Allegan Street, Ste. 900
Lansing, MI 48933
Tel: (517) 487-4787
Fax: (844) 670-6009
avaughanletney@dickinsonwright.com

*Counsel for Plaintiff Kokomo Solutions, Inc.*

4905-6342-7660 v1 [114848-29]